## Commonwealth v. Cronon

*Martin Buschle,* assistant district attorney, for the Commonwealth.

*Mel Kardos,* for defendant.

BORTNER, *J.,* August 27, 1984—This is an appeal from a summary conviction of theft of services under 18 Pa. C.S. §3926(1) before a district justice.

Defendant was charged with a violation of section 3926(1)b for tampering with the Lower Bucks

County Cablevision Company wires in an attempt to receive cablevision without paying for it. Testimony demonstrated at the hearing before us that defendant had not actually achieved the hook up itself, but had merely initiated some of the wiring apparently intended to result in a hook up.

Defendant argues that he may not be charged with an "attempted" summary offense and therefore his conviction should be reversed. We agree.

Defendant was charged with a summary offense. Section 3926(c)(1) grades a theft of services valued at less than $50 as such an offense. Since defendant actually stole *no* services, the value of them is undeniably less than $50.

The Crimes Code does not provide for an "attempted summary offense." Section 106 specifically lists the classes of crimes under (a), which *do not* include summary offenses. Summary offenses are defined in a separate portion of that section, (c)(1) and (2), from which is conspicuously absent the word "crime". Finally, "criminal attempt" is defined with specific reference to *"crimes,"* not "summary offenses":

"(a) A person commits an attempt when, with an intent to commit a specific *crime,* he does any act which constitutes a substantial step toward the commission of that crime." (Emphasis added.) 18 Pa. C.S. §901(a).

We are also moved by defendant's argument in light of the fact that the Commonwealth could have charged defendant with a misdemeanor for just what he apparently did do:

(a) Any person commits an offense if he:

(1) makes or possesses any instrument, apparatus, equipment or device designed, adapted or which can be used:

(i) for commission of a theft of telecommunications service; . . . 18 Pa C.S. §910. This "offense" is a misdemeanor for this section only. We will not read over broadly the definition of an attempted crime to include a summary offense because the Commonwealth failed to charge the defendant under the proper section of the Crimes Code.

For the above reasons, we enter the following

## ORDER

And now, this August 27, 1984, it is hereby ordered and decreed that defendant's appeal is sustained and defendant is found not guilty.